﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190820-27585
DATE: March 31, 2020

ORDER

Entitlement to service connection for tinnitus is denied.

REMANDED

Entitlement to service connection for a right hip disability is remanded.

FINDING OF FACT

Tinnitus was not shown as chronic in service and did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not shown; and the disability is not otherwise etiologically related to an in-service injury or disease.

CONCLUSION OF LAW

The criteria for service connection for tinnitus have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309(a).

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from September 1974 to June 1980. 

In September 2018 the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d). The Veteran selected the Supplemental Review lane when he opted into the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. 

The AMA rating decision on appeal was issued in January 2019. The Veteran requested Board review of his claims under the Direct Lane.

SERVICE CONNECTION

Entitlement to service connection requires evidence of three elements: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship or nexus between the current disability and the disease or injury incurred or aggravated during active service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004).

Certain chronic diseases will be presumed related to service if they were shown as chronic (reliably diagnosed) in service; or, if they manifested to a compensable degree within a presumptive period following separation from service; or, if they were noted in service, with continuity of symptomatology since service that is attributable to the chronic disease. 38 U.S.C. §§ 1101, 1112, 1113, 1137; Walker v. Shinseki, 708 F.3d 1331, 1338 (Fed. Cir. 2013); Fountain v. McDonald, 27 Vet. App. 258 (2015); 38 C.F.R. §§ 3.303, 3.307, 3.309.

1. Entitlement to service connection for tinnitus.

The Veteran contends that his tinnitus is related to his active service from gunfire noise trauma. See March 2015 Statement in Support of Claim; see June 2016 Notice of Disagreement.

The AOJ did not note any favorable finding in its January 2019 decision.

At a February 2015 VA examination, the Veteran reported recurrent tinnitus. For VA purposes, tinnitus has been found to be a disorder with symptoms that can be identified through lay observation alone. See Charles v. Principi, 16 Vet. App. 370, 374 (2002).

The question in this case is whether a causal relationship or nexus exists between the Veteran’s tinnitus and his active service.

Turning to the records, the Veteran’s DD 214 for the period from September 1974 to June 1977 shows his military occupational specialty (MOS) as clerk-typist, and his DD 214 for the period from June 1977 to June 1980 notes his MOS as administration specialist.

The Veteran’s service treatment records are silent for complaints, treatment, or diagnoses related to tinnitus. In a November 1973 Report of Medical Examination, ears were noted as normal. No hearing loss or tinnitus problems were noted. In a September 1974 Report of Medical History, the Veteran denied history of hearing loss, ear, nose, or throat problems. In the September 1974 Report of Medical Examination, ears, nose, sinuses, and mouth and throat were noted as normal. No hearing loss or tinnitus problems are found.

In a May 1982 Report of Medical History, for the purposes of Army Reserve enlistment, the Veteran denied history of hearing loss, and denied ear, nose, or throat problems. In a May 1982 Report of Medical Examination, ears, head, nose, sinuses, and mouth and throat were marked as normal.

In a February 2007 VA occupational therapy consultation, the Veteran reported that he experiences ringing in his ears.

The Veteran was afforded a VA examination in February 2015. The examiner noted that she reviewed the Veteran’s claims file including VA treatment records, military treatment and personnel records, military enlistment examinations, DD 214, and prior audiology reports. The examiner noted that enlistment exam in 1974 indicated normal hearing. She noted that the enlistment exam for the reserves in 1982 indicated normal hearing with no significant shift in hearing in either ear from enlistment in 1974. The examiner opined that the tinnitus is less likely than not caused by or a result of military noise exposure. The examiner explained that there is no significant shift beyond test variability in hearing in either ear from enlistment to post-separation, no evidence of permanent auditory damage from conceded noise exposure on active duty, and no report of tinnitus, hearing loss or acoustic trauma in the service treatment records. The examiner explained that although noise exposure is conceded, there is no auditory damage shown to be able to relate the current report of tinnitus to noise on active duty.

An October 2015 VA audiology assessment noted, “Tinnitus. constant, bilateral. started in basic training in 1974.”

Having considered the evidence of record, the Board concludes service connection is not warranted. To the extent that the Veteran has attested to having chronic or continuous symptomatology of tinnitus since service in 1974, the Board recognizes that he can attest to ringing in his ears. See Barr v. Nicholson, 21 Vet. App. 303 (2007). Although the Veteran can attest to symptomatology, the Board must address the credibility of these statements. Here, the service treatment records do not reveal any complaints related to tinnitus. The first inference of evidence of tinnitus is in a February 2007 VA medical record, about three decades after separation. Thus, the assertion of ringing in the ears since service are contradicted by contemporaneous treatment records. In these circumstances, the Board gives more credence to the contemporaneous medical evidence of record; which was negative for complaints, diagnoses, or treatment for tinnitus during active service or for many years post-service. See Buchanan v. Nicholson, 451 F.3d 1331 (2006); Curry v. Brown, 7 Vet. App. 59 (1994).

Service connection on a direct basis is also not established. The most probative nexus opinion is the unfavorable February 2015 VA medical opinion. The examiner’s opinion was based on review of the Veteran’s service records, post-service VA treatment records, and the clinical examination. The opinion was supported with a rationale that is factually consistent with the record. Moreover, the VA examiner is qualified through education, training, and experience to opine that the Veteran’s tinnitus is not related to service. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 302 (2008).

The Board is cognizant the Veteran has claimed tinnitus due to gunfire noise trauma during service. However, he is not competent to provide a nexus opinion regarding whether his tinnitus is etiologically related to his service. Such a determination is medically complex, as it requires knowledge of complicated diagnostic medical testing and understanding of internal physiologically processes involving the auditory system. Therefore, it is outside the competence of the Veteran because the record does not show he has the medical training, expertise, or credentials to make such a determination. Jandreau v. Nicholson, 492 F.3d 1372, 1377 n.4 (Fed. Cir. 2007); see also Kahana v. Shinseki, 24. Vet. App. 428 (2011). Consequently, the Board gives more probative weight to the competent and persuasive VA medical opinion.

In short, the preponderance of the evidence is against finding that the Veteran’s tinnitus was caused by his active service or that his tinnitus was shown during or manifested to a compensable degree within one year of separation from active service. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. Service connection for tinnitus is not warranted. There is no doubt to be resolved. Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

REASONS FOR REMAND

1. Entitlement to service connection for a right hip disability.

This issue is remanded to correct a duty to assist error that occurred prior to the January 2019 rating decision on appeal. During the VA examination in December 2017, a VA examiner opined that the Veteran’s right hip condition is not “proximately due to or the result of” the Veteran's service-connected lumbar condition. However, the examiner did not discuss whether the Veteran’s service-connected lumbar spine disability aggravates the Veteran’s hip disability. See El-Amin v. Shinseki, 26 Vet. App. 136, 140 (2013) (“caused by or result of” does not permit the examiner to opine on any question other than direct causation). 

The matter is REMANDED for the following action:

Obtain an addendum opinion from an appropriate clinician to determine whether it is at least as likely as not that the right hip disability is aggravated beyond its natural progression by his service-connected lumbar spine degenerative disc disease. A fully explained rationale should be provided for all opinions. 

 

 

D. JOHNSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Jake Choi

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.